**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| ANTOINETTE BELL | * | CIVIL ACTION NO._____ |
| PLAINTIFF, | * | |
| | * | |
| v. | * | |
| | * | COMPLAINT AND |
| CSD COLLECTION SPECIALIST a/k/a | * | DEMAND FOR A JURY TRIAL |
| E A UFFMAN & ASSOCIATES, INC | * | |
| DEFENDANT | * | |

**PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL**

ANTOINETTE BELL ("Plaintiff"), through her attorneys, KROHN & MOSS, LTD., alleges the following against CSD COLLECTION SPECIALIST a/k/a E A UFFMAN & ASSOCIATES, INC ("Defendant"):

**INTRODUCTION**

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, *15 U.S.C. 1692 et seq.* (FDCPA).

2. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

**JURISDICTION AND VENUE**

3. Jurisdiction of this court arises pursuant to *15 U.S.C. 1692k(d)*, which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

4. Defendant conducts business in the state of Louisiana, and therefore, personal jurisdiction is established.

5. Venue is proper pursuant to *28 U.S.C. 1391(b)(2)*.

## PARTIES

6. Plaintiff is a natural person residing in Baton Rouge, East Baton Rouge Parish, Louisiana.

7. Plaintiff is a consumer as that term is defined by *15 U.S.C. 1692a(3)*, and according to Defendant, Plaintiff allegedly owes a debt as that term is defined by *15 U.S.C. 1692a(5)*.

8. Defendant is a debt collector as that term is defined by *15 U.S.C. 1692a(6)*, and sought to collect a consumer debt from Plaintiff.

9. Defendant is a debt collection company located in Baton Rouge, Louisiana.

## FACTUAL ALLEGATIONS

10. Defendant is attempting to collect from Plaintiff an alleged debt, with reference number 061010363.

11. Defendant started placing telephone calls to Plaintiff on her cellular telephone in or around the first week of March of 2011.

12. Defendant places its calls to Plaintiff during regular business hours while Plaintiff is at her place of employment.

13. Defendant calls Plaintiff most days of the week and three (3) to four (4) times per day on the days it calls.

14. Plaintiff often answers Defendant's telephone calls and speaks with a representative identifying herself as "Jordan."

15. Plaintiff often informs Jordan that she is either in a meeting or about to go to a meeting, and that she currently cannot speak, but will call her back when she is available.

16. Despite the aforementioned, Jordan places calls to Plaintiff the same day while Plaintiff is still in a meeting.

17. Further, on March 9, 2011 Plaintiff a request for validation of the debt. *See* copy of redacted letter dated March 9, 2011, attached hereto as Exhibit A.

18. Defendant responded to Plaintiff's letter refusing to provide information without "proper identification." *See* Defendant's letter dated March 16, 2011, attached hereto as Exhibit B.

19. Defendant has continued to place telephone calls to Plaintiff despite having received Plaintiff's request for validation of the debt.

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

20. Defendant violated the FDCPA based on the following:

    a. Defendant violated *§1692c(a)(1)* of the FDCPA by communicating with Plaintiff at a time and/or place known to be inconvenient.

    b. Defendant violated *§1692c(a)(3)* of the FDCPA by communicating with Plaintiff at Plaintiff's place of employment when it knows or should know that such calls are prohibited.

    c. Defendant violated *§1692d* of the FDCPA by engaging in conduct the natural consequence of which is to harass, oppress or abuse Plaintiff in connection with the collection of the debt.

    d. Defendant violated *§1692d(5)* of the FDCPA by causing Plaintiff's telephone to ring or engaging Plaintiff in conversation repeatedly and/or continuously with intent to annoy, abuse, and/or harass Plaintiff.

    e. Defendant violated *§1692g(b)* of the FDCPA by continuing to attempt to collect on the alleged debt despite having received Plaintiff's request for validation.

WHEREFORE, Plaintiff, ANTOINETTE BELL, respectfully requests judgment be entered against Defendant, CSD COLLECTION SPECIALIST a/k/a E A UFFMAN & ASSOCIATES, INC for the following:

21. Statutory damages of $1000.00 pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k*,

22. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k* , and

23. Any other relief that this Honorable Court deems appropriate.

RESPECTFULLY SUBMITTED,

Dated: April 27, 2011      By: /s Kelli Denise Mayon         ,
                               Kelli Denise Mayon Esq.
                               Attorney for Plaintiff
                               kellimayon@gmail.com

## **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, ANTOINETTE BELL, demands a jury trial in this case.

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF LOUISIANA

Plaintiff, ANTOINETTE BELL, states the following:

1. I am the Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

Pursuant to 28 U.S.C. § 1746(2), I, ANTOINETTE BELL, hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

_4/8/11_
Date

_Antoinette Bell_
ANTOINETTE BELL