UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| ANTOINETTE BELL | CIVIL ACTION |
|---|---|
| VERSUS | NUMBER 11-280-BAJ-DLD |
| CSD COLLECTION SPECIALIST a/k/a E A UFFMAN & ASSOCIATES, INC. | |

## ORDER

This matter is before the court on defendant's motion to compel deposition of plaintiff. (rec.doc. 16) The motion is opposed.

*Background*

On April 27, 2011, plaintiff filed suit based on the Fair Debt Collection Practices Act, 15 U.S.C. 1692, *et.seq.* (FDCPA), alleging that defendant called plaintiff on her cellular telephone three to four times a day during regular business hours while plaintiff was at work, and failed to provide validation of the alleged debt. Plaintiff seeks damages of $1,000.00, costs and reasonable attorneys' fees. (rec.doc. 1)

The court set scheduling deadlines in August, 2011. On March 1, 2012, defendant filed a consent motion to extend the discovery deadline due to "the unexpected circumstances regarding plaintiff's work schedule [which] prevented defendant from having an opportunity to fully and fairly depose plaintiff...." (rec.doc. 14) In support of the motion to extend the discovery deadline, defendant explained that on February 17, 2012, it noticed plaintiff's deposition for February 29, 2012. When plaintiff arrived for the properly noticed deposition, she informed counsel that she was only "available for one (1) hour on that date because she would need to return to work for an important meeting." Id. Defendant also stated that the parties agreed that plaintiff would be made available on another date in the

next 30 days "to ensure defendant had an opportunity to fully examine" plaintiff. Id. The court granted the consent motion for extension, and extended the discovery deadline to April 2, 2012.

***The Motion to Compel***

When plaintiff provided notice at the start of the deposition that she was only available for one hour, plaintiff's Louisiana counsel and defendant's counsel agreed to conduct as much of the deposition as possible and resume the deposition on another mutually agreeable date within the next 30 days. (rec.doc. 16) Louisiana counsel and defendant's counsel confirmed the agreement in writing, along with the agreement to extend the discovery deadline. Defendant's counsel also contacted plaintiff's Illinois counsel the same day to confirm the extension of the deadline and the agreement to resume plaintiff's deposition on another date. This agreement also was confirmed in writing, and on March 1, 2012, Illinois counsel's office offered March 19 or March 20 as available dates for plaintiff's continued deposition. Defendant thereafter noticed the deposition for March 20, 2012; however, on March 9, 2012, Illinois counsel advised via email that plaintiff would not be produced for the March 20, 2012, deposition, asserting that defendant's counsel "affirmatively stated" that he was through with questioning at the conclusion of the first deposition, and characterizing the deposition as a "second chance to depose" plaintiff and appears meant to "merely inconvenience and harass" plaintiff. (rec.doc. 16, *in globo*)

The court disagrees with plaintiff's characterization of the first deposition and of defendant's request for another deposition. For example, the court's review of the deposition transcript shows the following exchange:

Defendant's counsel: That's all the questions I have for now.

Louisiana counsel: Are you done or you just –

Defendant's counsel: I'm done. I'm done. It was a little rushed, but I think we covered the basics.

(rec.doc. 18-5)

The phrases "I'm done," and "I think we covered the basics," speak to counsel's recognition of plaintiff's tight schedule that morning. Defendant's counsel was rushed at the first deposition, as he clearly stated, and he also plainly stated he had covered "the basics." In no way does that presume the deposition was concluded in its entirety; it simply concludes that portion of the deposition in deference to plaintiff's schedule. This exchange between counsel at the deposition, the consent by plaintiff to the discovery extension, defendant's email requesting a March date and advising that 3 more hours were needed to complete plaintiff's deposition (rec.doc. 16-2, pg. 19), and the response email from Illinois counsel's office offering March 19 or March 20 (Id.) as available dates for plaintiff's deposition, is a clear indication to the court that plaintiff's Louisiana and Illinois counsel both agreed to continue plaintiff's deposition at another date.

Plaintiff also argues that the low amount of available damages should preclude "another" deposition. The court finds no merit in that argument. Plaintiff engaged counsel in two different states to represent her, despite the low statutory damages allowed in FDCPA matters, and the two counsel appear to regularly have consulted with each other regarding this case, which would lead to the logical conclusion that plaintiff finds more value in this case than is stated in her opposition brief. Also, it is important to note that defendant's counsel was unaware up to the moment of the start of the first deposition that

plaintiff intended only to appear for her deposition for a very brief time, although Illinois counsel does not dispute that he had advance notice of this fact (rec.doc. 16-1, pg. 2), and yet did not share this knowledge with defendant's counsel at all. Sharing that information in advance very likely could have led to plaintiff's deposition being rescheduled, making this motion unnecessary.

Therefore, the court finds that another deposition of plaintiff is necessary, and will order that plaintiff appear within the next 30 days for a mutually scheduled deposition of three hours. Moreover, pursuant to Rule 37, and in light of plaintiff's counsels' actions and the unnecessary intervention of this court, the court will sanction plaintiff's counsel $500.00, to be paid equally between plaintiff's Louisiana counsel and Illinois counsel to defendant's counsel within 14 days of this Order.

Accordingly,

**IT IS ORDERED** that motion to compel be **GRANTED** as follows:

1. Plaintiff shall appear within the next 30 days for a mutually scheduled deposition of three hours.
2. Plaintiff's counsel shall pay sanctions of $500.00 to defendant's counsel within 14 days of this Order, and the sanctions shall be split equally between plaintiff's Louisiana counsel and Illinois counsel.

Signed in Baton Rouge, Louisiana, on May 3, 2012.

_____
**MAGISTRATE JUDGE DOCIA L. DALBY**